Good morning, and welcome to the Ninth Circuit Court of Appeals. My name is Morgan Christen. I'm one of the judges on the circuit court. I'm sitting this week with Judge Bress, whose chambers are here in San Francisco, and he's also a member of the circuit. And we are delighted to thank and welcome Judge Antone, who's here helping us out with our calendar this week. I have to do just a little bit of housekeeping before we begin to note that we've submitted a few cases and we will not be hearing argument on them. The first is 22-10093, United States v. Cervantes. The second is 22-103, Xi v. Garland, and also 22-1124, Kumar v. Garland. Those cases are submitted. The first case on our oral argument calendar is United States v. Earle, 23-10029. Both counsel are present? Yes, we're ready to hear your—I'm not sure it's going to be argument exactly, but we're ready to hear you. Good morning, Your Honors. Donna Elm on behalf of Mr. Earle, and I'd like to reserve three minutes. You may. I didn't mean to trip you up by saying we're ready—we're not sure it's argument, but where we are on our end is a suggestion of mootness. There seems to be agreement it's not moot. Can you start by telling us where we are procedurally? On the mootness issue? Yes, Your Honor. Has anything been scheduled? Has a competency hearing been scheduled? No. Okay, so it's not moot? That's your position? It's not moot because it not only hasn't been scheduled, he hasn't even left Devens. I talked to him last night. All right. And it's not moot because the argument is based upon standing, whether you could get into the court. But the case or controversy is whether or not there was a violation of his rights during the hearing, and that has not been mooted either. So we are not moot at this point. Obviously, all cases become moot at some point, but not yet. What's the practical significance of the error in the prior hearing when he wasn't allowed to present testimony or evidence now that we are where we are? The practical significance is that he wanted to present evidence that he, during depositions, had responded to things appropriately, that he had thought of things his attorney hadn't. He wanted to show that he was competent and that now we've injected, of course, another eight months of delay into his trial in a case that's already been dragged on. Okay. So we're looking at this a little differently. If I could just follow up on Judge Bress's question. We understand that you think there were irregularities in the first competency hearing, and now you're fast-forwarding, and we've received notice that the treatment has been completed. And I understand from you he's not back yet. But if another competency hearing is scheduled, then can you circle back to Judge Bress's question? He's looking at the practical effects at that point. If another competency hearing is scheduled, would this case not be moot? This case would not be moot if another one is scheduled and when another one is scheduled because we need to make sure that we can get the judge not to repeat exactly what's happened before. Okay. Understood. Go right ahead. Thank you. There's a well-trodden and established path this court can follow regarding the motion to dismiss, which was an initial concern, and that is for timeliness. Courts construe the notice of appeal filed within that 30-day window to be a motion for a Rule 4B4 hearing. The court could remand this case to the district court. The district court then would do a good cause hearing. I don't think we have excusable neglect. It's good cause. And the court retains jurisdiction upon the finding of good causes. The court can just reverse the case without oral argument because the merits have been conceded. So on that point, I think that you're right. You described it as well-trod. Here's the problem we've got. In this case, unlike other cases, the filings that were made at the time, as far as we can see, remember, we only have what we have on this record on appeal. And an order had been entered indicating that because he was pro se, the district court was going to strike any filings, and also ordered that if there were pro se filings, they would only go to his counsel, not to the court, and not be on the docket. So the concern that I have is trying to make sure that the district court is aware of those developments. Otherwise, just to finish that thought, otherwise my concern is if we do what you're asking and just send it back, then the response may be that the filing was properly not considered because it was filed pro se at a time when he was represented. So what do we do about that, please? What you do about that is even a person represented by counsel can assert a right to appeal himself, and that has to be honored. And we see that all the time in some of the 2254 or 55s where they say, well, you know, my counsel wasn't doing it, I want to assert it. What about the local rule? What we have is in the general order, and this is something I think Your Honor needs to understand, is that in order to be taken off the docket, the judge has to review it and determine that there is, quote, no further action that should be taken when he is demanding his appeal, which is an appeal of right that he is entitled to. When he's demanding that, the court should have taken the further action to refer his notice of appeal to this court. Well, what about the role of, I mean, his counsel, it was not you, it was another lawyer, received his pro se filings, right? His attorney did. Right. So, I mean, why isn't the issue with counsel as opposed to the court? That is a 2255. We're a long way from that. We're trying to intervene here in an interlocutory appeal on an expedited basis because of what has happened here. Right, but now we're, you know, someone, the district court, would have to assess whether there was good cause or excusable neglect, and I would think the district court could consider whether there was good cause because the client asked the lawyer to file an appeal and the lawyer did not do that. This is an appeal of right, and when he has asserted it and demanded it, even if he's been found incompetent, which . . . I don't think you heard Judge Bress's question. I guess the question to me is what was the district court . . . who was supposed to do what? Was the district court supposed to just authorize the appeal for a pro se filer who's not authorized to file pro se, or was the fault here of the lawyer who didn't get this message from the client and follow through on it? Your Honor, the lawyer's conduct is not before us. I agree with you that the lawyer should have initiated it, but the court also should have initiated it. When it's filed with the clerk . . . What's your authority for that? That when it's filed with the clerk under Rule 3, then the clerk is to put it up into the court of appeals, which did not happen in this case. Right, but, I mean, basically what you're suggesting is that there are some situations in which the local rule against pro se filing by represented parties just doesn't apply, and one of them, I guess in your view, is when somebody wants to appeal, we just ignore the local rule. Well, when he's . . . it's not a discretionary appeal. It's an appeal of right, and for that reason, if he is asserting it, he is entitled to it. Anytime that a person is found incompetent, they can appeal that and the commitment for restoration. They can appeal that of right to this court. Right, but he also has to follow the rules of the court, right? So I just want to . . . I think what you're asking for is for some kind of exception to the local rule for notices of appeal. I'll just say I'm not sure that's justified. I do see the argument that the lawyer having received this had an obligation to do something, and that maybe requires examination in a good cause or excusable neglect proceeding. Well, and also we have the court watching what was being filed. Could I stop you there? Because this is my concern. I share Judge Bress's concerns, but I think there's maybe an assumption. So let me . . . our miscommunication here. Local courts do this differently, and I think you're going to have much better knowledge certainly than I do about what the local court was doing. But you said a minute ago that the general rule required these filings to be routed to the district court judge, and he had to make the decision about whether it would or would not appear on the docket. My concern is that the district court judge may not have even seen these. I really share Judge Bress's concern about that and about the extent to which this can really be laid at the feet of the district court, and really that's not the point of today's exercise in any way. We're trying to unravel the problem. So can you just tell me logistically when these pro se filings were made, is it your understanding that those would have gone to the judge, that he would have seen them? They would have had to go to the judge because . . . Wait, wait, wait. That's different. That sounds like you're assuming, but I'm asking do you know whether he saw them? I do not know whether he saw them. Okay. Are you aware of the oral entry in the record where the judge said to your client, if you file something pro se, I'm going to strike it? Yes. Okay. If he had done that, does that necessarily mean that he wouldn't have seen it in this particular jurisdiction? Do you know that? I don't know that. I do know, though, that the general order requires that he look at it before and look to see if there's any action that needs to be taken before he can then order it to be removed from the document. I'm just concerned that there may have been a big miscommunication here, but I think I've maybe cut off Judge Brest. No, I have a somewhat similar question. I mean, I guess to follow up on that, what action would the district judge take? Would he or she act on the filing even though it was basically unauthorized, or would he or she call for a response by the counsel? What was the appropriate thing to have done at that point? The appropriate thing to have done would have been to have called for the one motion was for an extension of time to file an appeal, to have engaged a rule for before hearing, and or sent the notice of appeal to this court. Let's hear from opposing counsel. We'll give you a little bit more time when you come back. We've taken up quite a bit of your time with questions. May it please the court. Counsel, I'm going to ask you right at the top. Do we know whether the district court ever knew that this person was trying to request an appeal? Your Honor, what we know is that the general order that counsel is referring to provides that the assigned judge may, in his or her discretion, determine that the document should be made public or that further action should be taken. So if the rule was followed, that means the pro se filing should have gone to the district court, and if I see that it wasn't docketed, I should infer that the district court made a decision not to docket it and saw it? Your Honor, that is not my reading of this rule. Okay. It does indicate that the, and I apologize. No, no, no, please, I'm interrupting you. I didn't mean to, though. I'm all ears. The general order, so the local rule provides that a represented party shall not file anything pro se. The general order simply states that in a criminal case, when a defendant who is represented by counsel tries to file something pro se, despite those local rules, the filing is generally not placed onto the public docket. So that's entirely consistent with, that's common practice. What can you tell me about locally how it's done here? Your Honor, whether the judge actually looked at these particular documents and made a decision to not place them on the record, I don't think is, I don't think we have that information. So that's very helpful to me. Thank you. Well, it was not placed on the record, right? We do know that. But we don't know whether the judge, presumably the judge did not do anything because there's no further order on these. That is correct, Your Honor. Okay. So then the question is, was the judge supposed to do something when these came in? Your Honor, I don't believe that the local rule, or the general order, I should be clear, I don't believe that the general order requires the judge to do something. It only indicates that the judge may, in his or her discretion, determine that a document shall be filed publicly. Okay. But somebody made the decision to deviate from the typical routine practice of lodging something on the docket after it was filed, right? I believe in, and I apologize if I'm misunderstanding your question, I think that actually the normal practice in this situation is to keep those pro se filings off the docket. Well, that's because, wait a minute, that's because you're dividing this into the subset, the universe of a pro se filing of someone who's represented. But typically somebody files something, it appears on the docket, right? Yes, that's correct. Right. So then we drop down a notch, we've got a pro se filing, and somebody makes the decision to not put it on the docket. And what you're positing, as I'm understanding, is you think that could have happened entirely within the clerk's office. Is that right? I think it is possible. I don't have a clear answer. I don't think we know. Okay. So if the judge may, under the local rules, the general orders, take action on this kind of filing, should the judge have taken action on this kind of filing in this case where there's a competency determination? We now know there was error in that by the government's concession, and it seems like the client was repeatedly seeking to appeal, but there was no action by counsel. Do we think the judge had an obligation at that point to request something of counsel or to do more? I don't think so, Your Honor. Why not? Why not? And I don't think that ‑‑ I believe this was, if anything, an obligation of counsel. I think that the court was very clear repeatedly, as Judge Christin has pointed out, that when Mr. Earle repeatedly emphasized that he did not wish to represent himself, that he wanted to be represented by counsel, the court made clear that as a result of being represented by counsel, he would not be able to file anything pro se. Right. So he was on notice, and he remained adamant that he wanted to be represented by counsel, that he did not want to represent himself. Well, but those representations I think are taking this a bit out of chronological order, because I don't know after these attempts to appeal started hitting the ‑‑ well, I guess they didn't hit the docket, but after he started filing them in my bullet point timeline, then I don't know that he did have another opportunity to say that he wanted to change counsel. He was on lawyer number five at that point. That's correct, Your Honor. Right. Yes. So the difficulty is, and I think we all appreciate the difficulties, wasn't he in a box at that point, the defendant in a box, where how is he supposed to get heard if his lawyer is not, which is Judge Bress's point, if his lawyer is not forwarding or acting upon this request of his ‑‑ acting on his request to appeal, then what? Well, I'd like to step back just one step and note that what we're talking about is not the notice of appeal itself, because unquestionably there was no timely notice of appeal filed within the 14 days. We know what the chronology is. So we're talking about the motion to extend time to reopen. Right. And what we have in our record is an acknowledgment from defense counsel, former defense counsel, that there was indeed a communication, we don't know when exactly, that the defendant wanted to appeal. And we don't know. We have a void. We don't know why nothing happened after that time, right? Isn't that right? Or did we miss something? Or isn't that the record? No, I believe that that is the record. And I think that the suggestion that the court should remand to the district court in order to explore that if the court concludes that the district court abused its discretion by declining to rule on the motion to extend time to reopen, then I think the answer is to do a limited remand to the district court to rule on that motion. Well, could I just push back on that a little bit? I'm not sure that it's necessary to find an abuse of discretion, given that we can't even tell whether this, on our record, whether these filings ever made it to the district court judge, right? I'm just wondering if this isn't a colossal miscommunication, we should send it back to get it cleared up. I think that would, again, I don't think that we have clear indication in the record that the district court made an affirmative decision not to put these onto the docket. Okay, so if we send it back along those lines and ask for the 4B4 finding, was there whatever it is, good cause, excuse, or neglect, my next concern is, does this drop out of the blue on the district court? Is it going to have any way of knowing what these interim developments? I think it is fair to say that in the opposition, your opposition on the merits, you haven't contested that there's a due process problem at the hearing because the defendant wasn't given an opportunity to speak. Is that a fair summary? Yes, Your Honor. Okay, so the district court wouldn't have an opportunity to, or would he? I don't think that by default the district court would know that necessarily. The parties would clearly make that known, and the fact that the government has acknowledged in its briefing in this court that the government is, or that Mr. Earle is entitled to that right to testify. Opposing counsel is telling us that on mootness, her concern is that if a new hearing, a new competency hearing is scheduled, and I think that is going to be the next step, but I'm not certain of that, that she doesn't want to do over. She wants to make sure that her client has an opportunity to be heard. And so I'm trying to figure out how far are we away from this next hearing? What can you tell us about that? So timing-wise, as the court is aware, it was just on May 3rd that Mr. Earle completed treatment and that the treating psychologist at Devens notified the marshals that Devens is ready for him to be picked up or transport back to Arizona. The district court's order, the competency order, I'm sorry, the commitment order, stated that within two weeks of completing treatment, the treating psychologist should submit the report to the district court. What I can say is that the most recent information that we have is that the report is currently being routed within Devens for approval by the, I believe it is the assistant or associate warden who just needs to sign off on it, but the psychologist has written the report under- Can you tell, this sounds very government, federal government-y. Can you just tell me how long is this going to take? What's your best guess? Because we don't have experience in this. I don't. I, at this point, would not expect, I would expect that we would get the report to the district court. The district court would then order the return of Mr. Earle. Are we talking about a week? Are we talking about a month? What do you think? I would expect it to be within the next couple weeks. Okay. That's helpful to me. Judge Bress, do you have further questions? What is the, so he's now being held in this treatment center under what you now concede is basically an unlawful order. So what now should happen as a result of that? Should any of this now be expedited? The decision from this court or the proceedings within the district court? It's a strange circumstance, right, because you're now acknowledging that there was error in the proceedings that led to his current commitment. And so it would seem now that something needs to be done to rectify that error. We're presently not in a position to do that because the notice of appeal is untimely. And so that has to first get cleared up. But is there going to be any effort in the district court to try to move this forward if there's now a kind of agreement by the parties that the proceedings that led to his commitment were invalid? Well, I can, certainly speaking on behalf of the government, we are eager to move forward with this case. It has been pending for almost four years now. And as the trial AUSA expressed when Defense Counsel first moved for a competency evaluation just on the Friday before it was finally set for trial, we have concerns about losing witnesses. We've already had to do one deposition to preserve testimony. So the government is interested in moving things along as quickly as possible. And that would include to the extent that we are able to move any of this more quickly. Ultimately, the district court needs to set that new competency hearing. Has the government, for example, given the court notice that he's on his way back and requested an expedited competency hearing so that we can get that on their calendar? The district court is aware of the current status of Mr. Earle. The court has been notified of the letter from the treating psychologist to the marshals. My understanding is that the district court is waiting to get a copy of the final report from Devens before ordering the transport back to Phoenix. So my question, which I don't think I asked very clearly, has the government asked for an expedited setting? It has not, Your Honor. At least not at this point. No. With that, John Tone, do you have a follow-up? I do not. Anything further, counsel? No, Your Honor. Thank you. Thank you for your patience with our many questions. We'll hear from opposing counsel briefly, please. It took four months to get him to Devens. I think it would be faster coming back. But weeks or months is a realistic possibility. The judge may not have looked at the order, and that is always a possibility, even though it seems under his rule that it would have to have gone to him before it could be removed from the docket. However, this is why the court ought to reassign on the way back, because the judge has not been able to listen to Mr. Earle. That's a really high standard, right? We rarely do that. The standard is, I forget exactly what it is off the top of my head, but I strongly question whether it's been met here. I think it has, because under the legal— But, counsel, it requires that we would not have confidence that the district court could put this out of his mind and move on fairly. And I think, as you just conceded, we can't even tell if the district court received these requests for appeal. Whether he received it or not. Because if he didn't look at it, that's just as bad. That means that the ability for him to remain impartial, to listen to Mr. Earle, that was the problem we had here in the competency hearing, that he would not listen to Mr. Earle. And that he, again, if he wasn't looking at it— That's a different issue, though. Because I think you know, at least in one other jurisdiction, the judges don't necessarily see pro se filings when defendants are represented by counsel, for good reason. I mean, ex parte communications, and particularly when you have a difficult client, as Mr. Earle apparently is. So I don't think you can argue that the judge did see it or necessarily should have seen it. Your Honor, according to the general rule, in order to be removed, he should see it. He should review it. Your time has expired. Do you want to wrap up, please? Yes. I would ask the court not to dismiss this. That is not necessary at this point. It would not be just to remand for a 4B4 hearing, retain jurisdiction, and to reassign it to another judge for the proceedings hereafter. And thank you. Thank you. Thank you both. Take that case under advisement and issue an order forthwith.
judges: CHRISTEN, BRESS, Antoon